**F. Mitchell JOHNSON and Margaret S. Johnson**

v.

**H. M. McLEOD, Director of Internal Revenue for the District of South Carolina.**

**Civ. A. No. 8339.**

United States District Court
E. D. South Carolina,
Charleston Division.

April 20, 1965.

Sinkler, Gibbs and Simons, Charleston, S. C., for plaintiffs.

Terrell L. Glenn, U. S. Atty., Thomas P. Simpson, Asst. U. S. Atty., and H. Stennis Little, Jr., Dept. of Justice, Washington, D. C., for defendant.

DALTON, District Judge.

The question for decision here is whether a loss on a loan made by the taxpayer F. Mitchell Johnson, personally, to a corporation qualifies for deduction as a business bad debt, deductible in full in 1962 under Section 166 of the Internal Revenue Code of 1954, as taxpayer contends, or whether it represents a non-

business bad debt deductible only as a capital loss, as the Government contends.

Johnson is a stock and security broker and operates through a small corporation which he formed with three other individuals engaged in the same line of endeavor. He is President of the corporation and a 25% stockholder therein.

In early 1962 this corporation underwrote an issue of common stock for a concern known as Devco, Inc. The stock of Devco was purchased by approximately eighty-one individuals, including the taxpayer, who acquired 298 shares.

Devco was organized for the purpose of manufacturing sailboats of molded fiberglas. For various reasons the corporation soon encountered financial difficulty, sustaining a loss of working capital of $60,000. In an attempt to extricate Devco from its predicament taxpayer, along with several others, promised as an individual to loan $10,000 to the failing corporation. Notwithstanding these efforts, an auditor's examination made in December of 1962 showed Devco to be hopelessly insolvent, rendering its debt to the taxpayer worthless. Pursuant to his commitment, however, Johnson paid the $5,000 to Devco on December 13, 1962. The Internal Revenue Service has abandoned its contention that Johnson is not entitled to take the loss because at the time the money was paid over to Devco it was hopelessly insolvent, recognizing that actual payment resulted from a firm commitment made by taxpayer on June 14, 1962, and binding on him.

In the preparation of his 1962 tax return, Johnson took the position that the debt of Devco to him was proximately related to his business and deducted the loss as an ordinary loss. Upon audit by a duly authorized agent of the Internal Revenue Service, this $5,000 deduction was disallowed and a deficiency in tax was determined in the amount of $1,-196.76, which is the amount in suit. The Commissioner allowed the deduction as a capital loss. Such a loss is allowable only to the extent of capital gains plus $1,000, and the remainder of the loss may be carried over and deducted in the same manner in succeeding years.

Johnson claims that the loan was not made in an attempt to salvage his investment in Devco, but rather to preserve his reputation and good will with those to whom he and his corporation had sold Devco stock and to retain the confidence of his customers and maintain his personal integrity. Thus, he claims, the loss was related to his business as a stockbroker and should be considered a business bad debt. Taxpayer admits that he had no legal duty to make the loan in the first place, but insists that it is customary in the investment banking business to go beyond strict legal obligations and attempt to salvage underwriting ventures which he and his company have sponsored.

■ Section 166 of the Internal Revenue Code of 1954, as implemented by Section 1.166–5(b) of the Treasury Regulations provides business bad debt treatment only for worthless debts incurred in the taxpayer's trade or business. Taxpayer must show not only that he as an individual was in a trade or business (since he made the loan as an individual and is trying to deduct it as such) but also that the loss from the worthless debt was proximately related to that trade or business. From the evidence it would appear that the only business Mr. Johnson carries on is through his brokerage corporation. He seems to contend that since this firm was in a trade or business, he was also in that same trade or business, claiming the business of the corporation as his own. The weight of authority is against this proposition.

■ The case of Burnet v. Clark, 287 U.S. 410, 53 S.Ct. 207, 77 L.Ed. 397 (1932), stated the principle that a corporation is an entity separate and apart from its officers and shareholders, and that the business of the corporation is not the business of its shareholders and/or officers. "The respondent was employed as an officer of the corporation; the business which he conducted

for it was not his own." 287 U.S. at 415, 53 S.Ct. at 208. This holding was reaffirmed by the Supreme Court in the recent case of Whipple v. Commissioner of Internal Revenue, 373 U.S. 193, 83 S.Ct. 118, 10 L.Ed.2d 288 (1963), after an extensive review of the case law on this point. See also: Bodzy v. Commissioner of Internal Revenue, 321 F.2d 331 (5th Cir. 1963). Taxpayer was not, therefore, in the brokerage business as an individual. This result is completely in harmony with fundamental principles of the law of corporations. For instance, if Mr. Johnson's corporation were injured to the extent of $20,000, it could not be contended that he, as a 25% shareholder, could sue the wrongdoer directly for $5,000. Although there has been a trend in recent years away from a rigid application of the entity theory, this has only been manifest in situations where the concept has been carried to extremes and has resulted in some injustice. It is still in force with respect to basic situations such as the case at bar.

Taxpayer places great reliance on Trent v. Commissioner of Internal Revenue, 291 F.2d 669 (2d Cir. 1961), and the idea gleaned from that case. that working as a corporate executive for a salary may be a trade or business. Trent is distinguishable from this case, however, as there it was necessary for the taxpayer to make loans to the corporation from time to time to protect his job (when he finally refused to make further advances he was fired). The debts subsequently became worthless and the court held that taxpayer was entitled to treat the loss as a business bad debt. However, saying that acting as a corporate executive may be a trade or business (and hence an expenditure to protect that status would be a business expense) is quite different from saying that the business of the corporation is the business of the executive. In this case it might be said that Johnson is in the business of being President of a corporation, but not that he is in the stock and security brokerage business merely because that happens to be the business of his corporation.

Even assuming, without deciding, that the business of the corporation was the business of Mr. Johnson, I do not think that the loan made had the necessary proximate relationship to that business to qualify the loss incident thereto as a business bad debt. In Max Putnam, ¶154,141 P-H Memo T.C., aff'd, 8 Cir., 224 F.2d 947, aff'd, on another issue, 352 U.S. 82, 77 S.Ct. 175, 1 L.Ed.2d 144, petitioner (an attorney) made about nine substantial loans to clients. Some of these subsequently became worthless and he sought to deduct the losses as business bad debts. Putnam made much the same argument that Mr. Johnson puts forth here—that the loans were proximately related to his business because made with the hope of strengthening his business relationships and increasing the good will of his law practice. The Tax Court rejected this argument, saying that to qualify these losses as business bad debts petitioner would have to show that he was regularly engaged in financing his clients. See also: Estate of Carolyn W. Libby, ¶155,180 P-H Memo T.C. A similar case is McNeill v. Commissioner of Internal Revenue, 251 F.2d 863 (4th Cir. 1958). There again taxpayer was a practicing attorney who was also interested in real estate ventures. He made seven loans to five persons, three of whom were clients in or associated with him in the real estate business and two of whom were associates in his law office. Taxpayer testified that he believed these loans to be helpful to him in his business as a practicing attorney. Again it was held that the relationship to his business was not clearly shown and the losses were disallowed as business bad debts. See also: William G. Park, Executor, 22 B.T.A. 1263, aff'd, 2 Cir., 58 F.2d 965.

For the above reasons this court concludes that F. Mitchell Johnson is not entitled to deduct the $5,000 loaned to Devco, Inc. as a business bad debt but rather must take the deduction as a capital loss, and it is so Adjudged and Ordered.

This case is now dismissed and ordered stricken from the docket, and each party shall bear his or its own costs.

The Clerk is directed to send a certified copy of this opinion and order to counsel of record.